IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHONG SU YI | * | |
|     Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PJM-13-1826 |
| | | |
| SOCIAL SECURITY ADMINISTRATION | * | |
| UNITED STATES CAPITOL | | |
| WHITE HOUSE | * | |
| BOARD OF GOVERNORS OF THE | | |
|   FEDERAL RESERVE | * | |
| DEPARTMENT OF THE TREASURY | | |
|     Defendants. | * | |

*****

## **MEMORANDUM OPINION**

On June 21, 2013, the Court received for filing a fee-paid, self-represented civil rights action under 42 U.S.C. § 1983 submitted by Chong Su Yi (Yi"), a resident of Silver Spring, Maryland. The Complaint is not a model of clarity. Affording the self-represented complaint a generous interpretation, Yi seeks an injunction to "close Congress," abolish income taxes and refunds, have government offices such as the Social Security Administration ("SSA") and U.S. Post Office open during regular business hours, and to "close avenues for members of public official not of authorized agenda to access public private domaine." (ECF No. 1). Yi invokes this Court's federal question jurisdiction under 28 U.S.C. § 1331. He references a "unlawful search and seizure" related to the SSA hours of operation and a six-month wait as to claim review, which he refers to as an "unlawful blanket dragnet." Yi further complains that Congress's failure to act has resulted in the diminished office hours and closure of the SSA offices in violation of his liberty. In addition, he takes issue with the tax-exempt status of religious organizations, makes nonsensical references to the Legislative and Executive branches of government, "superior" laws, the authority of the Federal Reserve and the Department of Treasury to coin money, the free exercise of religion, the broad scope of public officials' speech to media outlets, and composes numerous other deluded statements. He accuses the named Defendants of discrimination and seeks $10,000.00.00 against each party.

Yi has filed two separate amended complaints, which fare no better than his original Complaint. (ECF Nos. 2 & 3). He reiterates the assertions made previously and adds claims of damages against Defendants for alleged tortious conduct, breach of contract, and conspiracies and seeks upwards of $49,450,000,000.00 in damages and tracts of real property.

Yi has paid the filing fee. It is well established, however, that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous or vexatious. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (district courts have the authority to dismiss frivolous complaint *sua sponte*, notwithstanding the payment of the filing fee); *Baker v. Director, United States Parole Comm'n,* 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) ("[A] trial court may dismiss a claim sua sponte without notice 'where the claimant cannot possibly win relief.' " (quoting *Omar v. Sea-Land Serv.,* 813 F.2d 986, 991 (9th Cir. 1987))); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on her own initiative); *Brown v. District Unemployment Compensation Board*, 411 F. Supp. 1001 (D.C. 1975) (district court has inherent power to control the judicial process and dismiss frivolous or harassing action *sua sponte*). This Court has the discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that the action is factually or legally frivolous. The Court finds that the instant matter is subject to dismissal for the failure to state a claim. A separate order follows.

July 29, 2013

               /s/
             PETER J. MESSITTE
          UNITED STATES DISTRICT JUDGE